PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA GAMEZ, individually, and on behalf of all others similarly situated, | Case No.: 2:16-cv-09656 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| WOODLAND DIRECT INC., a Michigan corporation; and DOES 1-10, Inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Joshua Gamez, on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon investigation of counsel, except to his own acts, which he alleges upon personal knowledge.

## I.  PARTIES

1.  Plaintiff Joshua Gamez is a resident of this District.

2.  Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Woodland Direct, Inc. is a Michigan corporation that does business in California.  The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

3.  At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants.  Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Woodland Direct, Inc. and Doe Defendants will hereafter collectively be referred to as "Defendant").

## II.  JURISDICTION AND VENUE

4.  A Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than the Defendant.  *See* 28 U.S.C. §1332(d)(2)(A).

5.  This Court also has personal jurisdiction over Defendant because Defendant currently does business in this state.

6.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and a substantial portion of the conduct complained of herein occurred in this District.

### III.   FACTS

7.      In October 2016, while located in California, Plaintiff called Defendant at 800-919-1904, from a wireless telephone.   Plaintiff spoke to an employee/customer service representative of Defendant.

8.      Defendant did not, at any point during the telephone conversation, advise Plaintiff that the call was being recorded.   Plaintiff did not give express consent to have the conversation recorded.

9.      Plaintiff has since learned that Defendant records most or all incoming telephone calls, including Plaintiff's call, without disclosing same.

### IV.   CLASS ACTION ALLEGATIONS

10.      Plaintiff brings this class action for damages and other monetary relief on behalf of the following class:

> *"All persons located in California whose wireless telephone conversations with Defendant were intentionally recorded without disclosure by Defendant at any time during the statute of limitations period through the date of final judgment in this action."* (the "Class").

11.      Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals bound by any prior settlement.   Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter, and any callers who did receive a warning that their calls were recorded

12.      This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-

(3).   This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

13.   [Fed. R. Civ. P. 23(a)(1)]:   The Class is so numerous that the individual joinder of all of its members is impractical.   While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes hundreds of thousands of members.   The Class may be ascertained by the records maintained by Defendant.

14.   [Fed. R. Civ. P. 23(a)(2)]: Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class.   These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following::

(a)   Whether Defendant intentionally records telephone calls;

(b)   Whether Defendant discloses its intentional recording of telephone communications; and

(c)   Whether Defendant's conduct constitutes a violation of California Penal Code section 632.7.

15.   [Fed. R. Civ. P. 23(a)(3)]:   Plaintiff's claims are typical of the claims of the members of the Class.   Plaintiff and all members of the Class have been subjected to Defendant's common course of unlawful conduct as complained of herein and are entitled to the same statutory damages based on Defendant's wrongful conduct as alleged herein.

16.   [Fed. R. Civ. P. 23(a)(4)]: Plaintiff will fairly and adequately protect the interests of the members of the Class.   Plaintiff has retained attorneys experienced in the prosecution of class actions.

17.   [Fed. R. Civ. P. 23(b)(3)]: A class action is superior to other available

methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

18.   [Fed. R. Civ. P. 23(b)(1)(A)]: The prosecution of separate actions by hundreds of thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice, which Defendant must provide to all Class members.

19.   [Fed. R. Civ. P. 23(b)(1)(B)]: The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

20.   [Fed. R. Civ. P. 23(b)(2)]: Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the members of the Class as a whole.

## V.    CAUSE OF ACTION
### Penal Code § 632.7
### (By Class Against All Defendants)

21.   Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

22.     Section 632.7 prohibits the intentional, non-consensual recording of any telephone communication without the consent of all parties where at least one party to the conversation is either using a cordless or cellular telephone.  No expectation of confidentiality or privacy is required, nor is any other wrongful or surreptitious intent required – only that the defendant intended to record the communication.

23.     Plaintiff is informed and believes, and thereon alleges that Defendant knowingly violated Cal. Pen Code § 632.7 by intentionally recording calls with persons using cordless or cellular telephones, including Plaintiff.

24.     Based on the foregoing violations, Plaintiff and the Class are entitled to and seek the statutory remedies provided in section 637.2 of the California Penal Code. Plaintiff does not allege common law violation of privacy nor does Plaintiff seek actual damages other that statutory damages.

25.     Plaintiff and the Class further seek attorneys' fees pursuant to section 1021.5 of the California Code of Civil Procedure, or any other applicable statute, as this action enforces an important right affecting the public's interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1.     For preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in this illegal practice;

2.     For certification of the putative class and an award of statutory damages thereto;

3.     For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure §1021.5 and the common law private attorney general doctrine;

/ / /

/ / /

1

    4.      For costs of suit; and

2

    5.      For such other and further relief as the Court deems just and proper.

3

4

Dated:  December 30, 2016        PACIFIC TRIAL ATTORNEYS, APC

5

6

                        By: *_/s/Scott J. Ferrell_*_____

7

                        Scott J. Ferrell
                        Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated:  December 30, 2016                    PACIFIC TRIAL ATTORNEYS, APC


By: _/s/Scott J. Ferrell_____
Scott J. Ferrell
Attorney for Plaintiff